886 F.2d 331
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carlos A. WILLIAMS, Plaintiff-Appellant,
v.
Richard J. WAYNE, Defendant-Appellee.
 No. 89-1317.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1989.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the district court's summary judgment dismissing his civil rights claim filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Carlos Williams claimed that defendant, a prison officer, deprived him of his constitutional rights of due process. Williams alleged that in retaliation for a grievance which he filed against defendant, defendant wrote a false misconduct report against Williams for interfering with the officer's duties. After a disciplinary hearing, Williams was found not guilty of the alleged misconduct. Williams sought injunctive and monetary relief.
 
 
 3
 Defendant filed a motion for summary judgment. The matter was referred to a magistrate who determined that Williams was not deprived of either procedural or substantive due process; the magistrate recommended that defendant's motion for summary judgment be granted. Upon review in light of Williams's objections, the district court adopted the magistrate's recommendation and dismissed the complaint.
 
 
 4
 Summary judgment is appropriate only where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).
 
 
 5
 The district court correctly determined that Williams was not deprived of a liberty interest without due process. Contrary to Williams's claim, he has no protected interest in remaining free from having to defend himself against allegedly false misconduct reports where procedural due process protections are provided him. See Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir.1986), cert. denied, 108 S.Ct. 1273 (1988); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir.1984).
 
 
 6
 Accordingly, the district court's judgment is hereby AFFIRMED, Rule 9(b)(5), Rules of the Sixth Circuit.