Michael HANRAHAN,
Plaintiff-Appellant,

v.

Michael P. LANE, et al.,
Defendants-Appellees.

No. 82–2892.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 24, 1983.*

Decided Oct. 30, 1984.

Michael J. Hanrahan, pro se.

Patricia Rosen, Asst. Atty. Gen., Chicago, Ill., for defendants-appellees.

Before BAUER, CUDAHY and FLAUM, Circuit Judges.

---

* After a preliminary examination of the briefs, the court tentatively concluded that oral argument would not be helpful in deciding the case. The parties were notified that they could file a "Statement as to Need for Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the case has been submitted on the briefs and the record.

PER CURIAM.

Pro se plaintiff, Michael Hanrahan, appeals the dismissal of his § 1983 action challenging prison disciplinary actions taken against him. The plaintiff is suing three prison guards, the members of the Adjustment Committee who sanctioned him, the Warden and the Commissioner of Corrections. These disciplinary actions, plaintiff alleges, were taken against him in retaliation for his refusal to succumb to the extortion demands of the defendant prison guards.

The district court dismissed petitioner's claims.[1] For the reasons which follow, we reverse the dismissal and remand the case for a determination of certain of plaintiff's claims on the merits.

### I

In determining the propriety of a motion to dismiss under Fed.R.Civ.P. 12(b)(6),[2] we must take all the allegations of the complaint to be true. *Jenkins v. McKeithen*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *National Van Lines v. United States*, 326 F.2d 362 (7th Cir.1964). Petitioner states that on November 20, 1980, at approximately 4:00 p.m., defendant Langdon, a Corrections Officer, approached plaintiff's cell and stated that all drugs and liquor in the institution came through him and quoted the plaintiff his prices. Plaintiff and his cellmate indicated that they were not interested.

On November 23, 1980, defendant Langdon, and defendant Gordon, another Corrections Officer, approached the plaintiff's cell and stated that they would "shake down" the cell. Defendant Gordon stated that he would not "shake down" the cell if he were given money. When plaintiff and his cellmate refused to pay any money, Officers Langdon and Gordon searched the cell. After the search, another Corrections Officer, defendant Lieutenant Austin, approached the cell to inquire why the prisoners were in the cell during a shakedown. The prisoners were ordered to leave and Lieutenant Austin left. Officer Gordon continued the search and inspected a gold crucifix and chain belonging to plaintiff's cellmate. Lieutenant Austin returned to the cell, took the chain and crucifix and then returned only the chain to plaintiff's cellmate. In their search of plaintiff's cell the officers found no contraband or money. Officer Gordon then produced two or three small, rolled cigarettes which appeared to be marijuana. Officer Gordon turned the cigarettes over to Lieutenant Austin, who had returned to the cell area, and then stated to plaintiff that no disciplinary report would be written if plaintiff paid them $100. When plaintiff refused, disciplinary tickets were served on him an hour later.

Plaintiff reported the incident to James Foster who was in charge of the Bureau of Identification. Foster indicated that the Internal Affairs department at the prison would be notified.

Plaintiff appeared before an Adjustment Committee, consisting of defendants Martin, Steinberg and Randell. The Committee found plaintiff guilty, sentenced him to loss of fifteen days of good conduct credit and demotion to "C" grade, and then recommended that the matter be turned over to Internal Affairs for investigation. Plaintiff asserts that he never received a statement of evidence relied upon or the reasons for the sanctions.

Subsequently, Foster told plaintiff that he was instructed to keep out of the inves-

---

1. The district court's order is as follows:

   This cause comes on upon [sic] the motion of defendants Lane, Bosse, Martin, Steinberg, Austin, Langdon and Randell to dismiss the complaint or, in the alternative, for summary judgment. The court has read and considered said motion and the memoranda of the respective parties and finds that said motion to dismiss should be granted and that this action should be dismissed.

   Accordingly, it is ORDERED that said motion to dismiss is granted, and that the complaint herein and this action be and they are each hereby DISMISSED.

2. The district court dismissed the action without a statement of reasons. We assume the dismissal was for failure to state a claim under Fed.R. Civ.P. 12(b)(6) because that was the basis for defendants' motion to dismiss.

tigation upon threat of bodily injury. Foster reported this threat to defendant Bosse, Warden, and defendant Cartwright, Chief of Security.

Thereafter, plaintiff filed a grievance with the Inquiry Board challenging his disciplinary proceeding. The Board indicated an investigation was underway; recommended upholding the punishment imposed by the Adjustment Committee; and ordered plaintiff to take a polygraph exam. Plaintiff then filed a grievance with the Administrative Review Board at the Department of Corrections challenging the disciplinary proceedings and the actions of the officers. The Administrative Review Board recommended a polygraph test and ordered that the results be sent to defendant Lane, Director of the Department of Corrections, for review.

Several months later, plaintiff submitted to a polygraph test concerning the incident. It was the examiner's opinion that the results were not favorable to the plaintiff. Defendant Lane denied plaintiff's grievance on this basis.

## II

The issue presented for review is whether plaintiff's pleadings, with all the allegations contained in them taken as true, state a claim upon which relief can be granted. We turn to this issue bearing in mind that we must construe the pleadings liberally, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and that "a complaint should not be dismissed for failure to state a claim unless it appears that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Hayes v. Walker,* 555 F.2d 625 (7th Cir.) *(Hayes I),* cert. denied, 434 U.S. 959, 98 S.Ct. 491, 54 L.Ed.2d 320 (1977).

Plaintiff-appellant challenges the district court's dismissal of his complaint and points to three claims which, if proved, would entitle him to relief. The claims are (1) that plaintiff's right to be free from unreasonable search and seizure was vio-

lated when the defendant prison guards searched his cell in retaliation for failure to pay an extortion demand; (2) that plaintiff's due process rights were violated when the defendant prison guards planted false evidence and issued a disciplinary ticket in retaliation for failure to pay an extortion demand; and (3) that plaintiff's due process rights were violated when defendant Adjustment Committee members adjudged plaintiff guilty, failed to give him a statement of the evidence relied upon for the finding of guilty, and then ordered an investigation to determine if plaintiff was actually guilty of the infraction charged. We will discuss each claim separately.

### A.

Plaintiff contends that the search of his cell in retaliation for failure to pay an extortion demand violates his Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures. Plaintiff claims that the search for the purpose of extortion rather than prison security makes the search unreasonable. The Supreme Court has recently held that the Fourth Amendment protection against unreasonable searches does not extend into the prison cell. *Hudson v. Palmer,* —— U.S. ——, ——, 104 S.Ct. 3194, 3199, 82 L.Ed.2d 393 (1984). The Supreme Court's opinion precludes Fourth Amendment challenges to prison cell searches taken for any reason, whether or not reasonable. Although we do not condone the alleged reasons for the defendant prison guards' search of Hanrahan's cell, we must conclude that the complaint in the instant case does not state a claim for which relief can be granted. The district court properly dismissed plaintiff's § 1983 claim insofar as it alleged that his Fourth Amendment right to privacy was violated by the search of his cell.

### B.

Plaintiff asserts that his due process rights were violated when the defendant prison guards planted false evidence and issued a disciplinary ticket in retalia-

tion for failure to pay an extortion demand. The pleadings paint a picture of a prison system where the guards have no respect for the law and are not above manufacturing evidence in bad faith to bring about unwarranted sanctions against prisoners. These actions on the part of the guards might be classified as arbitrary. Prisoners are entitled to be free from arbitrary actions of prison officials. *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). The protections against this arbitrary action, however, are the procedural due process requirements as set forth in *Wolff v. McDonnell.* Before a prisoner can be sanctioned, such as the plaintiff in this case was sanctioned, the prison officials must provide those procedural requirements outlined in *Wolff v. McDonnell:* advance written notice of violation, written statement of fact-finding, the right to present witnesses and present evidence where it would not be unduly hazardous to institutional safety. In addition, an impartial decisionmaking body protects the integrity of the procedure. *Redding v. Fairman*, 717 F.2d 1105 (7th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 1282, 79 L.Ed.2d 685 (1984). All of these procedural · due process requirements protect prisoners from "arbitrary actions extinguishing their privileges." *Id.* at 1116. The disciplinary procedures allow a prisoner a chance to defend against improper or erroneous charges. The procedural protections were established to insure fair, impartial decisionmaking on the part of prison officials prior to the imposition of sanctions against a prisoner. The procedures allow an inmate the opportunity to tell his own version of the events at issue to the disciplinary committee.

Although plaintiff in the instant case presents very serious allegations against the defendant prison guards, he was given a disciplinary hearing prior to the imposition of sanctions. He was provided an opportunity to explain his version of the events. There was an impartial committee who listened to his and his cellmate's testimony. The procedural due process requirements were instituted to protect prisoners from the actions complained of here. The Adjustment Committee weighs credibility in this setting and determines whose testimony is worthy of belief. A written statement of facts would provide a record for a reviewing court to exercise its minimal review of that record to determine whether the actions of the disciplinary committee were arbitrary, capricious or an abuse of discretion. *Smith v. Rabalais*, 659 F.2d 539 (5th Cir.1981), *cert. denied,* 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982). Federal courts generally will not entertain requests for a de novo review of the disciplinary committee's factual findings, but will merely consider whether the decision of the committee is supported by "some facts." *Id.* at 545; *Willis v. Ciccone*, 506 F.2d 1011 (8th Cir.1974). In *Willis v. Ciccone*, an allegation that a disciplinary charge was based on false reports was disposed of summarily because there was a basis in fact for the charges made and action taken. *Id.* at 1018.[3]

In the instant case, plaintiff states that the guards planted false evidence to obtain a finding of guilty before a disciplinary committee. Plaintiff cites *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), for the proposition that the knowing use of false testimony at a criminal trial by government officials is a denial of due process. Plaintiff contends that the knowing use of false evidence by the defendant prison guards constituted a violation of his due process rights. We note that a prison disciplinary proceeding is not a criminal prosecution and "the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. at 556, 94 S.Ct. at 2975. The knowing use of false testimony by a government official in a criminal trial

---

**3.** If a statement of evidence relied upon for the finding of guilty had been provided to plaintiff, the district court could have reviewed that statement. Plaintiff states that he received no such statement; therefore the procedures described did not protect him. *See* discussion Part C, *infra.*

is distinguishable from a guard testifying falsely or planting false evidence for use in a disciplinary proceeding. The situation presented in the instant case is more analogous to that presented in *Evans v. United States*, 408 F.2d 369 (7th Cir.1969). In *Evans* the criminal defendant was aware of the perjury at the time of the trial and did not attempt to impeach the witness' testimony at that time. The court held that the appropriate time to challenge that testimony was at trial and denied § 2255 relief. *Id.* at 370. The plaintiff in this case apparently knew the evidence was false at the time of the disciplinary hearing and had the opportunity to refute or impeach it during the hearing. In the instant case plaintiff did not forgo the opportunity to rebut the charges and did present testimony which refuted the allegations in the disciplinary ticket. The disciplinary committee apparently did not believe his version of the events, although there is nothing in the record to indicate which evidence was believed by the committee. We find that an allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided. Once those procedural protections are followed, the only function of a federal court is to review the statement of evidence upon which the committee relied in making its findings to determine if the decision is supported by "some facts." *Smith v. Rabalais; Willis v. Ciccone, supra.*[4]

### C.

■ The plaintiff in this case, according to the pleadings, was not afforded the procedural due process protections that, in theory, protect him from the type of activity by the guards about which he complains. The procedural process provided to plaintiff was fairly unusual. Plaintiff appeared before an Adjustment Committee which found him guilty of the charges but turned the matter over to Internal Affairs for investigation. Plaintiff asserts that he was never given a statement of evidence relied upon in the determination of guilty.

An Adjustment Committee summary helps to insure that prison administrators will act fairly. A written statement is required to protect an inmate from constitutional violations. *Wolff v. McDonnell; Redding v. Fairman, supra.* In addition, the written statement serves as the basis for federal court review when an allegation of constitutional violations is made. *Smith v. Rabalais; Willis v. Ciccone, supra.*

In the instant case there are many prison forms attached to the pleadings and briefs. There is no record of an Adjustment Committee summary. Plaintiff, in the papers submitted to the district court, states that he never received such a summary. This allegation states a claim for which relief can be granted. The district court erred in dismissing this claim.

In addition, despite the fact that the committee found plaintiff guilty of the charge, it turned the matter over to Internal Affairs for investigation. A review of all the prison documents in the record, including the reports of the Institutional Inquiry Board and the Administrative Review Board, indicates that the investigation continued after a finding of guilty. The investigation centered upon whether the inmate had knowledge of the marijuana in his cell and whether or not the guards attempted to commit extortion against the plaintiff. The investigation was conducted to continue inquiry into plaintiff's guilt after the determination of guilty was already made. The Institutional Inquiry Board upheld the guilty finding and ordered continued investigation. The Administrative Review Board also continued the investigation. Eventually, plaintiff submitted to a polygraph test. The results of the test convinced the prison officials to discontinue the investigation. It is unclear just why

---

**4.** We do not address the issue whether the attempted extortion by the prison guards constitutes a violation of Hanrahan's constitutional rights. Hanrahan, in his complaint, mainly is challenging the interference with the prison disciplinary proceedings.

defendants conducted themselves in this way, and whether this is a routine procedure. Defendants assert that an allegation of inadequate investigation does not state a cause of action under 42 U.S.C. § 1983. *McDonald v. State of Illinois,* 557 F.2d 596 (7th Cir.), *cert. denied,* 434 U.S. 966, 98 S.Ct. 508, 54 L.Ed.2d 453 (1977). While this may be true, and upon further inquiry it may appear that plaintiff's only complaint is that there was a faulty investigation, the district court erred in dismissing the case at this stage of the litigation.

Plaintiff has stated a claim which, if proved, would entitle him to relief. As we have noted, above, the procedural due process protections are the major means of protection prisoners have from arbitrary government actions, including the actions attributed to the guards in this case. When the procedural protections are not provided, an inmate may be subjected to arbitrary actions with impunity. The district court improperly dismissed plaintiff's suit at the pleadings stage.

### III

For the foregoing reasons we affirm in part and reverse in part the district court's dismissal of plaintiff's § 1983 suit and remand it for further proceedings consistent with this opinion.