**Jerrold GALIMORE, Plaintiff,**

v.

**Michael P. LANE, et al., Defendants.**

**No. 85 C 20233.**

United States District Court, N.D. Illinois, W.D.

May 27, 1986.

---

Dennis Riley, Byron, Ill., for plaintiff.

Mary Meegan, Asst. Atty. Gen., Chicago, Ill., for defendants.

**ORDER**

ROSZKOWSKI, District Judge.

Before the court is defendants' motion to dismiss. Jurisdiction is predicated upon 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3).

For the reasons stated herein, defendants' motion is granted. Plaintiff's case is dismissed in its entirety.

**I. BACKGROUND[1]**

Plaintiff is an inmate at Dixon Correctional Center in Illinois. On June 3, 1985, Dixon Correctional Officer King submitted an Inmate Disciplinary Report charging plaintiff with a violation of Department Rule 504.107, "Sexual Misconduct.' Specifically, Officer King charged that plaintiff faced her and fondled his penis while in the shower.

On June 6, plaintiff was summoned before the Dixon Adjustment Committee. The Committee heard testimony from Officers King and Lourgen and from Sergeant Magne. Officer Lourgen stated that he did not see anything because he was not in the area at the time of the incident. Officer King stated that she had been sitting in a control room during the incident and that her report was true. Sergeant Magne said he definitely observed plaintiff fondle his penis.

Plaintiff plead not guilty. He stated that the curtain in that particular shower did not close all the way and that the shower stall could not be seen from the control room. Plaintiff offered to take a polygraph to prove his innocence. Plaintiff submitted a list of questions for Officer King and Sergeant Magne. Plaintiff requested a twenty-four hour continuance so that he might call witnesses and so the Committee could observe the shower area in question.

The Committee granted plaintiff's continuance.

The next day the Committee inspected the shower area. They found that the shower stall was within "clear sight" of the control room. The Chairman personally examined the shower curtain and found that it was able to be closed fully. The committee found plaintiff guilty of sexual misconduct:

---

1. The background facts are taken from the complaint and accompanying exhibits. For purposes of the instant motion, they must be considered true.

(A) due to deviate sexual misconduct, i.e. fondling. Decision is based on [plaintiff's] admission to being in the shower at the time of incident, 2 witness' statements, positive identification by reporting officer and a personal view of the area by Committee members.

Adjustment Committee Summary, Complaint Exhibit C. Plaintiff was punished by five days in segregation.

On July 8, 1985, plaintiff filed this civil rights action. As defendants, plaintiff names Michael Lane, Director of the Illinois Department of Corrections; Linda Giesen, Warden of Dixon; William O'Sullivan, Assistant Warden for Operations at Dixon; Larry Sachs, Assistant Warden for Program Services at Dixon; Officers Lougren, Magne and King; Sue Bloch, a correctional counselor and Chairman of the Dixon Adjustment Committee; Committee member Jill Piper; and, Correctional Officer and Adjustment Committee Member William Pennington. Plaintiff basically claims that these defendants wrongfully deprived him of his "liberty" by "maliciously, wilfully and knowingly" submitting a false disciplinary report and finding him guilty based on insufficient (i.e. false) evidence. Plaintiff seeks $25,000 in compensatory damages, costs, attorney's fees, and any other relief this court "deems just and equitable".

On September 27, defendants filed the instant motion to dismiss.

## II. DISCUSSION

### A. The False Disciplinary Report

The Seventh Circuit's decision in *Hanrahan v. Lane*, 747 F.2d 1137 (7th Cir.1984), is dispositive of the present case. The prisoner-plaintiff in *Hanrahan* claimed that "his due process rights were violated when the defendant prison guards planted false evidence and issued a disciplinary ticket in retaliation for failure to pay an extortion demand." 747 F.2d at 1139–40. Dismissing the prisoner's claim as legally inadequate, the Seventh Circuit noted:

Prisoners are entitled to be free from arbitrary actions of prison officials. The protections against this arbitrary action, however, are the procedural due process requirements as set forth in *Wolff v. McDonnell* [418 U.S. 539, 558, 94 S.Ct. 2963, 2975–76, 41 L.Ed.2d 935 (1974)]. Before a prisoner can be sanctioned such as the plaintiff in this case was sanctioned, the prison officials must provide those procedural requirements outlined in *Wolff v. McDonnell:* advance written notice of violation, written statement of fact-finding, the right to present witnesses and present evidence where it would not be unduly hazardous to institutional safety. In addition, an impartial decision making body protects the integrity of the procedure.

747 F.2d at 1140 (citations omitted). As to the prisoner's claim that issuance of the false disciplinary ticket violated his constitutional rights, the *Hanrahan* court concluded:

We find that an allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided. Once those procedural protections are followed, the only function of a federal court is to review the statement of evidence upon which the committee relied in making its findings to determine if the decision is supported by "some facts".

*Id.* at 1141 (citation omitted).

▮ Since plaintiff in this case unquestionably received the procedural protections mandated by *Wolff,* his complaint is legally insufficient in so far as it concerns the allegedly false disciplinary ticket issue by Officer King.

### B. Adjustment Committees Sanctions

The prisoner in *Hanrahan* also asserted that he did not receive the procedural due process protections mandated by *Wolff* because the Adjustment Committee found him guilty based on false testimony. The

Seventh Circuit also determined that this claim was legally inadequate to state a claim upon which relief could be granted.

Although plaintiff in the instant case presents very serious allegations against the defendant prison guards, he was given a disciplinary hearing prior to the imposition of sanctions. He was provided an opportunity to explain his version of the events. There was an impartial committee who listened to his ... testimony. The procedural due process requirements were instituted to protect prisoners from the actions complained of here. The Adjustment Committee weighs credibility in this setting and determines whose testimony is worthy of belief. A written statement of facts would provide a record for a reviewing court to exercise its minimal review of that record to determine whether the actions of the disciplinary committee were arbitrary, capricious or an abuse of discretion.

747 F.2d at 1140 (citation omitted). As to a finding of guilt based on false evidence, the *Hanrahan* court stated:

Federal courts generally will not entertain requests for a de novo review of the disciplinary committee's factual findings, but will merely consider whether the decision of the committee is supported by "some facts". In *Willis v. Ciccone* [506 F.2d 1011, 1018 (8th Cir.1974)] an allegation that a disciplinary charge was based on false reports was disposed of summarily because there was a basis in fact for the charges made and action taken.

*Id.* (footnote omitted).

██ In the present case, the Committee provided plaintiff with all of the procedural protections required by *Wolff.* Plaintiff was given an opportunity to rebut the charges against him. He was given two hearings. The Committee personally checked out his story. He was provided with a written summary for the basis for the Committee's action.

As stated recently by the Supreme Court: "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill,* — U.S. —, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985). Rejecting a stringent evidentiary requirement, the *Hill* court concluded, "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* 105 S.Ct. at 2775. Since this court cannot conclude that there was no factual basis for supporting the Committee's decision, plaintiff's claims must be dismissed.

Plaintiff argues that the prisoner in *Hanrahan* was in fact found to have plead a cause of action and therefore he should be entitled to a similar finding. The only reason the *Hanrahan* prisoner's claim survived dismissal, however, was due to the Adjustment Committee's failure to provide him with a summary of their findings. That situation is not present here, as evidenced by a copy of the summary attached to plaintiff's complaint. Plaintiff's complaint is therefore legally inadequate and must be dismissed.

### C. Personal Misconduct

A few additional matters require brief discussion.

██ Plaintiff has failed to allege any involvement by defendants Lane, Giesen, O'Sullivan or Sachs. Thus, even if his underlying claim had merit, these defendants would have to be dismissed from this suit. Plaintiff concedes as much.

██ Plaintiff also fails to allege any misconduct by Officer Lourgen. From the summary of the Committee proceedings it appears that all he did was testify at the hearing. His testimony in no way contributed to the Committee's finding of guilt. Officer Lougren would also be dismissed from this case regardless of any merits plaintiff's claim might otherwise have.

### III. CONCLUSION

For the reasons stated herein, plaintiff has failed to state a claim upon which relief

can be granted. His case is therefore dismissed in its entirety.