915 F.2d 1575
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James Edward WAGNER, Plaintiff-Appellant,
v.
W. SEELY, K. Mills, and L. George, Defendants-Appellees.
 No. 89-2583.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 29, 1990.*
Decided Oct. 2, 1990.
Rehearing and Rehearing In Banc Denied Oct. 30, 1990.
 
 Before Flaum, Manion and Kanne, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-Appellant, James Edward Wagner, appeals from the district court's decision dismissing one of the plaintiff's claims, granting summary judgment in favor of the defendants on his other claim, and denying his request for a preliminary injunction. We affirm.
 
 I.
 
 2
 On February 12, 1988, Officer Mills and Officer George conducted a routine search of Wagner's cell at the United States Penitentiary at Marion, Illinois. During the search, Officer Mills discovered a razor blade glued to an envelope in Wagner's cell. Officer George saw Mills recover the razor blade. The officers called the Operations Lieutenant and Wagner was taken to the detention unit.
 
 
 3
 While being taken to the detention unit, Wagner became abusive and swore at Officer Mills. Another officer was present and heard Wagner's verbal assault of Mills. As a result of the aforementioned incidents, Wagner was charged with possession of a sharpened instrument and insolence. A hearing was held before Disciplinary Hearing Officer Seely on February 23, 1988. Wagner was found guilty of the two charged offenses and sentenced to 75 days in disciplinary segregation.
 
 
 4
 On June 10, 1988, Wagner instituted the present action in the district court. He alleged that he was charged with the disciplinary violations in this case in retaliation for his previous lawsuits and administrative actions. He also alleged that he did not receive due process in his disciplinary hearing because the razor blade which was confiscated from his cell was not admitted in evidence at the hearing. In addition, he sought a preliminary injunction to prevent prison officials from retaliating against him for exercising his constitutional right to remain silent at his disciplinary hearing. The district court dismissed the retaliation claim, granted summary judgment against the plaintiff on the due process claim, and denied the injunction. Wagner appeals.
 
 II.
 
 5
 Initially, we address the plaintiff's claim that the defendants instituted the disciplinary action against him in retaliation for exercising his right to seek judicial and administrative relief. In support of his claim, the plaintiff provided a chronology of events which was largely a recitation of the various administrative actions and lawsuits he had filed against officials at Marion.
 
 
 6
 In Cain v. Lane, 857 F.2d 1139 (7th Cir.1988), this court noted that in support of a claim for retaliation "the prisoner must allege a chronology of events from which retaliation may plausibly be inferred." Id. at 1143 n. 6 (citing Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir.1987); Benson v. Cady, 761 F.2d 335, 342 (7th Cir.1985)). We believe that the district court properly determined that the plaintiff's evidence was insufficient to support an inference of retaliation in this case. Although Wagner has shown that he has resorted to administrative and judicial proceedings prior to the instant case, he has not alleged any connection between the prior cases and this case which is sufficient to permit an inference of retaliation. Essentially, Wagner maintains that some of the same defendants are named in the other actions as in this case; therefore, we may infer an impermissible motive behind the institution of the disciplinary proceedings by the officers herein. Wagner only presented evidence of a retaliatory motive for filing the disciplinary charges against him, and alleged that the retaliation occurred. We have specifically recognized that it is not enough that the prisoner merely allege the ultimate fact of retaliation. Benson, 761 F.2d at 342. The district court was correct in its decision that the evidence presented in this case was insufficient to support an inference of retaliation; therefore, it properly dismissed the claim.
 
 
 7
 Wagner next asserts a due process violation, alleging that the officers planted the razor blade in his cell and wrongfully failed to produce the razor blade at the disciplinary proceeding. In Hanrahan v. Lane, 747 F.2d 1137 (7th Cir.1984), this court considered a prisoner's allegation that prison personnel planted false evidence in his cell. In Hanrahan, we noted that such an allegation fails to state a claim upon which relief can be granted where the procedural protections of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974), are provided. In Wolff the Supreme Court noted that the due process requirements for a prison disciplinary proceeding are: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence in his defense, where such action is consistent with institutional safety and correctional goals; and, (3) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action. Id. at 563-67, 94 S.Ct. at 2978-80. In this instance, there is no dispute that the procedural requirements of Wolff were satisfied; therefore, our only function is to determine whether the decision of the disciplinary board was supported by some evidence. Hanrahan, 747 F.2d at 1141.
 
 
 8
 In Superintendent, Massachusetts Correctional Inst. v. Hill, 472 U.S. 445, 105 S.Ct. 2768 (1985), the Supreme court noted that the due process requirements are satisfied in prison disciplinary proceedings if some evidence supports the decision of the board. Id. at 455, 105 S.Ct. at 2774. The Hill court further noted that
 
 
 9
 [a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.
 
 
 10
 472 U.S. at 455-56, 105 S.Ct. at 2774; See also Lenea v. Lane, 882 F.2d 1171, 1175 (7th Cir.1989).
 
 
 11
 In this case, there was ample evidence to support the board's disciplinary action against Wagner. There were incident reports from each of the officers involved in the search and in escorting Wagner to segregation, as well as, incident reports from officers who witnessed each transaction. In addition, Wagner appeared at the disciplinary hearing and told his side of each incident. The hearing officer simply made credibility determinations which cannot be disturbed on appeal. The evidence presented in the reports of the officers was more than enough evidence to satisfy the "some evidence" standard. The disciplinary procedures used in this case, therefore, complied with due process. Wagner's claim that the failure of the prison officials to present the razor blade at the hearing is likewise without merit. Wagner has no due process right to have the razor blade produced at the hearing. Due process requires only that some evidence support the disciplinary decision; it does not mandate what form that evidence must take. There was "some evidence" in the record to support the board's decision in this instance; therefore, no due process violation resulted from the failure to produce the razor blade at the hearing.
 
 
 12
 Finally, Wagner appeals from the denial of his motion for a preliminary injunction to prevent officials at Marion from retaliating against him for exercising his constitutional right to remain silent at his disciplinary hearings. The disciplinary action which is being challenged by the plaintiff in that motion is a separate disciplinary proceeding involving defendants other than those named in this action. The district court properly denied relief because the action taken in an unrelated disciplinary proceeding by an unnamed hearing officer was not properly before it.
 
 
 13
 For all of the foregoing reasons, the decision of the district court is
 
 
 14
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record