983 F.2d 1072
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James K. DOWELL, Plaintiff/Appellant,
v.
Lieutenant CATE, Officer Kallie, and Stephen E. Bablitch,
Defendants/Appellees.
 No. 90-1328.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 29, 1992.
 
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 James K. Dowell appeals from the district court's order dismissing his pro se complaint as frivolous, pursuant to 28 U.S.C. § 1915(d), and denying him leave to proceed in forma pauperis. We affirm.
 
 I.
 
 2
 Plaintiff-appellant Dowell is an inmate in the custody of the Wisconsin Department of Corrections at the Green Bay Correctional Institution ("GBCI"). On December 7, 1989, Officer Kallie was walking on the B tier of GBCI when he observed Dowell straddling his prostrate cellmate located on the top bunk. When Officer Kallie asked Dowell why he was in his cellmate's bunk, Dowell stated that he was attempting to move his mattress. When Lieutenant Cate, security director at the prison, later asked Dowell why he was in his cellmate's bunk, he replied that he had had a nightmare and had jumped into the top bunk out of fear.
 
 
 3
 Officer Kallie completed a conduct report that set forth the above facts and that alleged that Dowell had violated section DOC 303.13A of the Wisconsin Administrative Code, attempted sexual assault, and section DOC 303.28, disruptive conduct. Lieutenant Cate, as one of her duties as prison security director, reviewed Officer Kallie's report and determined that Dowell was to have a "major offense" hearing under section DOC 303.76 because he had previously been found guilty of the same or a similar offense, he had been warned about refraining from the same conduct, and the alleged violation created a risk of serious disruption at the institution. While the record is not a model of clarity, the Conduct Adjustment Board found that the inmate had committed the offenses charged. Dowell alleges in his brief that the adjustment committee or hearing officer revoked 90 days of his good time credit. Dowell also asserts that he exhausted all avenues of appeal that were available to him.
 
 
 4
 Dowell filed a pro se complaint in the district court alleging that Wisconsin state prison officials revoked his good-time credits based on insufficient evidence of culpability without due process in violation of 42 U.S.C. § 1983. In addition to the complaint, the plaintiff filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The district court dismissed Dowell's complaint sua sponte under 28 U.S.C. § 1915(d), finding the complaint frivolous because it lacked an arguable basis in law and fact. The district court also denied the plaintiff leave to proceed in forma pauperis. On appeal, Dowell asserts that the district court erred in dismissing his complaint alleging insufficiency of evidence. Dowell also claims that Lieutenant Cate's review of the conduct report for sufficiency of the charge violated his right to a fair hearing.
 
 II.
 
 5
 Because Dowell alleges that he was deprived of accumulated good time or good conduct credits that he retains a liberty interest in, he is entitled to the protections of the Due Process Clause. Hamilton v. O'Leary, No. 91-1993, slip op. at 5 (7th Cir. Sept. 28, 1992); Wolff v. McDonnell, 418 U.S. 539, 557 (1974). "In evaluating constitutional claims of prisoners, we must balance the need to protect prisoners' procedural rights against the need for prison safety and security." Pardo, 946 F.2d at 1280; see Wolff, 418 U.S. at 556. Wolff outlined the due process inmates are entitled to when a prison disciplinary hearing may result in the loss of a protected liberty interest. The basic due process protections include: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his/her defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Id. at 563-67; Superintendent, Massachusetts Correctional Instit., v. Hill, 472 U.S. 445, 455, (1985). A prisoner is entitled to a neutral and detached decision maker to the extent required by our decision in Redding v. Fairman, 717 F.2d 1105, 1112-13 (7th Cir.1983), cert. denied, 465 U.S. 1025 (1984). Dowell challenges the disciplinary proceedings on two grounds. First, he alleges that there was inadequate evidence to support a guilty finding on the two infractions listed in the conduct report. Second, he asserts that he did not receive a fair hearing because Lieutenant Cate was not impartial when she initially reviewed the conduct report.
 
 
 6
 It is well-established that the sufficiency of evidence standard is met if "there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455. Due process, therefore, is satisfied where "some evidence" supports the disciplinary committee's decision. Id. Furthermore, "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id.; McKinney v. Meese, 831 F.2d 728, 733 (7th Cir.1987).
 
 
 7
 Plaintiff argues that the evidence relied on by the Adjustment Committee was inadequate because it did not support a finding that he had sexually assaulted his cellmate against his will, as is required by Wisconsin Administrative Code section DOC 303.13A. Arguably, Officer Kallie's report could have been deemed insufficient to support a charge of sexual assault. As noted above, however, it is not the function of this court to reweigh the evidence considered by a hearing officer or adjustment committee. Hill, 427 U.S. at 455. Once the procedural protections of Wolff are afforded, the court's role is limited to determining whether sufficient evidence supports the disciplinary committee's decision. Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir.1984); McKinney, 831 F.2d at 733. While the plaintiff disputes the finding that he had sexually assaulted his cellmate, he did not allege that he presented any evidence that any sexual activity with his cellmate was consensual, and so we accept the committee's finding as true. Clearly, the contents of the conduct report constitute "some evidence" supporting the committee's decision. Therefore, we find that plaintiff received the due process accorded by Wolff.
 
 
 8
 Dowell next claims that Lieutenant Cate was not impartial when she decided not to strike the charges cited in the conduct report after her preliminary review of the document pursuant to Wisconsin Administrative Code section DOC 303.67. The deprivation Dowell complains of, however, is not one of the basic due process rights required by Wolff. Under section 303.67, the security director at the prison, Lieutenant Cate in this case, is only required to strike any violation cited if the statement of facts contained in the conduct report could not possibly support a finding of guilty. Wis.Admin.Code § DOC 303.67(3)(b). Section DOC 303.67 merely obliges a security director to review conduct reports prior to setting a due process hearing and to summarily dispose of unsubstantiated charges before they reach the hearing stage. If the security director believes that the conduct report could not support a guilty finding or that the report should not have been written because one of the reasons cited in section DOC 303.65 is present (i.e. the inmate is unfamiliar with the rule, the inmate has not violated the rule or a closely related rule in the past, or the inmate is unlikely to repeat the offense if warned or counseled), she may dismiss the conduct report. Wis.Admin.Code § DOC 303.67. The security director's decision to strike the report or to let it stand is not directly reviewable by the adjustment committee or the prison superintendent, Wis.Admin.Code § DOC 303.65, but the full panoply of due process protections required by Wolff are subsequently afforded to any inmate such as Dowell who stands accused of a major violation contained in a conduct report. The security director is not the decision maker, and the plaintiff did not allege that the decision-making body was partial.
 
 
 9
 The plaintiff has not alleged any deficiency in the subsequent procedural protections mandated by Wolff.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs