986 F.2d 1425
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Terry J. WILLIAMS, Plaintiff/Appellant,
v.
Carol DEMOSS and Lela Harris-Higgs, Defendants/Appellees.
 No. 92-1950.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 3, 1993.*
Decided Feb. 24, 1993.
 
 Before COFFEY, FLAUM, and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Terry J. Williams, an inmate of the Danville Correctional Center, appeals the dismissal of his civil rights suit under 42 U.S.C. § 1983. In this action, Williams alleged that prison officials violated his right to due process and to remain free of cruel and unusual punishment by placing him in administrative segregation on the basis of false accusations. Williams also claims that the district court abused its discretion in denying his motion for a subpoena duces tecum. We affirm.
 
 I. FACTS
 
 2
 Williams was employed as an inmate law clerk in the law library of the Danville Correctional Center. Among his assigned duties were to supervise the use of typewriters by other inmates and to keep track of typewriter ribbons. Williams was instructed by the head librarian to remove the ribbons and to place them in a drawer in his desk at the library. After doing so, he was accused of theft by Carol Demoss, an assistant librarian, who then reported the incident to Lela Harris-Higgs, a shift supervisor. Despite protesting that he had merely done what the head librarian had directed him to do, Williams was taken to administrative segregation, and remained there for three days. The Internal Affairs Committee cleared Williams of the theft charge.
 
 
 3
 Williams then filed a complaint pursuant to 42 U.S.C. § 1983, charging the defendants with maliciously depriving him of his civil rights and endangering his psychological well-being by having him placed in administrative segregation on the basis of false accusations. Williams alleged that he was deprived of a fair opportunity to defend himself in violation of his right to due process, and that he was subjected to cruel and unusual punishment. He also filed several motions, including one for a subpoena duces tecum in order to obtain certain documents from the Illinois Department of Corrections and the Danville Correctional Center.
 
 
 4
 Defendants moved for dismissal pursuant to Rule 12(b)(6). The district court denied Williams' motions for a subpoena duces tecum, and on its own motion ordered him to show cause why his complaint should not be dismissed. After considering Williams' response and finding no cognizable claim, the district court dismissed the action with prejudice. Williams filed a timely appeal.
 
 II. ANALYSIS
 
 5
 We review the grant of a Rule 12(b)(6) motion to dismiss de novo, Caldwell v. City of Elmwood, 959 F.2d 670, 671 (7th Cir.1992), viewing all of the facts alleged in the complaint, and any inferences that may reasonably be drawn from them, in the light most favorable to the plaintiff. Id. We will affirm the district court only if it appears beyond doubt that the plaintiff cannot establish any set of facts which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957).
 
 
 6
 To survive a motion to dismiss a § 1983 action, Williams must allege facts which show that the defendants, acting under color of state law, intentionally deprived him of a constitutional right. A state prison inmate's interest in not being placed in administrative segregation is not guaranteed directly by the due process clause of the Fourteenth Amendment. Hewitt v. Helms, 459 U.S. 460, 467-68, 103 S.Ct. 864, 869-70 (1983). A right to remain free of administrative segregation in this case is a constitutionally protected liberty interest only if Illinois state law "has conferred on its inmates an entitlement not to be placed in administrative segregation." Smith v. Shettle, 946 F.2d 1250, 1252 (7th Cir.1991); see Hewitt, 459 U.S. at 469-71, 103 S.C. at 870-71.
 
 
 7
 In determining whether the Illinois Administrative Code section governing inmate segregation creates a liberty interest, we consider whether it contains explicitly mandatory language that places "substantive limitations on official discretion." Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 462, 109 S.Ct. 1904, 1908 (1989) (quoting Olim v. Wakinekona, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747 (1983)). Section 504.40 of the Code provides that when disciplinary charges are brought against an inmate, the prison shift supervisor shall determine whether it is necessary to place the inmate in temporary confinement pending a disciplinary hearing. Such confinement may include the segregation area of the prison. Moreover, "(t)he decision to place a person in temporary confinement may be based, among other matters, on: ... (3) (t)he need to restrict the committed person's access to (the) general population to protect him from injury or to conduct the investigation." Ill.Admin.Code tit. 20, § 504.40 (1992). The list of grounds for placement in temporary administrative segregation is not exhaustive. Furthermore, the listed grounds themselves allow for some exercise of discretion by prison officials in deciding whether segregation is needed in a particular case. See Smith, 946 F.2d at 1252 (to create liberty interest, criteria should be binding, exhaustive and definite). Since the regulation "stop(s) short of requiring that a particular result is to be reached upon a finding that the substantive predicates are met," Thompson, 490 U.S. at 464, 109 S.Ct. at 1910, it does not create a protected liberty interest in remaining in the general prison population pending a disciplinary hearing.
 
 
 8
 Williams further alleges that he was placed in administrative segregation on the basis of false charges that were brought against him with malicious intent. We observe that in his complaint, Williams states that he was given a hearing before the Internal Affairs Committee within three days of being placed in segregation, and that he was fully exonerated of the theft charge. Williams thus fails to state either a procedural due process violation based upon the inadequacy of Internal Affairs Committee proceedings, or a claim that he was retaliated against by prison officials for the exercise of a constitutional right. Cf. Cain v. Lane, 857 F.2d 1139, 1142, 1145 (7th Cir.1988) (at prison disciplinary hearing, inmate found guilty on the basis of allegedly false evidence proffered by guards in retaliation for the inmate's exercise of a constitutional right); Hanrahan v. Lane, 747 F.2d 1137, 1138, 1142 (7th Cir.1984) (per curiam ) (inmate who was found guilty at disciplinary hearing was not afforded procedural due process).
 
 
 9
 Williams also fails to state a claim that by placing him in administrative segregation, the defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment. An Eighth Amendment claim has two components, one of which requires a showing that the alleged wrongdoing of prison officials was "objectively harmful enough to establish a constitutional violation." See Hudson v. McMillian, 112 S.Ct. 995, 999 (1992) (citations and internal quotations omitted). Since Williams is challenging the conditions of his confinement, he must show that he was subjected to "extreme deprivations" inconsistent with "contemporary standards of decency." Id. at 1000 (citations omitted); see also Rhodes v. Chapman, 452 U.S. 337, 346-47, 101 S.Ct. 2392, 2399 (1981). The fact that Williams was placed in administrative segregation for three days does not, in itself, constitute cruel and unusual punishment, see Bono v. Saxbe, 620 F.2d 609, 613-14 (7th Cir.1980), and nothing in Williams' complaint suggests that the conditions of his confinement while in segregation would amount to "extreme deprivations." Williams' Eighth Amendment claim was therefore properly dismissed, and his appeal of the district court's denial of his motion for a subpoena duces tecum is now moot.
 
 CONCLUSION
 
 10
 The dismissal of Williams' § 1983 action is
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs