35 F.3d 568
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Thomas D. STANTON, Plaintiff-Appellant,
v.
Dennis MEIER, individually and in his official capacity as
Security Director, Fox Lake Correctional
Institution, Defendant-Appellee.
 No. 93-3425.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 1, 1994.*
Decided Sept. 6, 1994.
 
 Before CUMMINGS, BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Thomas Stanton, an inmate at the Fox Lake Correctional Institution in Wisconsin, was charged with theft and possession of contraband in a conduct report after a random cell search uncovered certain jewelry items that were not listed on Stanton's property inventory sheet. See Wis.Admin.Code Secs. [DOC] 303.34, 303.47 (June 1994). The charges were dismissed after Stanton presented proof of authorization to possess the items in a prison disciplinary hearing. He then filed a civil rights action pursuant to 42 U.S.C. Sec. 1983 and a petition to proceed in forma pauperis, alleging that Dennis Meier, the security director of the institution, violated his procedural due process rights by allowing Stanton to be prosecuted for theft even though the facts in the conduct report did not support a finding of guilt. See Wis.Admin.Code Sec. [DOC] 303.67(3)(b) (security director "shall review" daily all conduct reports and "shall strike" any charges not supported by the facts before disciplinary procedures are initiated). Stanton contends that the mandatory language of Sec. 303.67(3)(b) creates a liberty interest protecting inmates from the initiation of disciplinary proceedings based upon unjustified charges. The district court concluded that the claim had no arguable basis in law and dismissed the complaint as frivolous. 28 U.S.C. Sec. 1915(d). We review the district court's dismissal under Sec. 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We affirm.
 
 
 2
 The right to procedural due process hinges upon the existence of a protected liberty interest arising under the Due Process clause of the Fourteenth Amendment or under state law. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). Such an interest is based upon a substantive rather than a procedural right although procedural protections often ensure the realization of a parent substantive right. Smith v. Shettle, 946 F.2d 1250, 1254 (7th Cir.1991); Shango v. Jurich, 681 F.2d 1091, 1101 (7th Cir.1982). Process is not an end in itself. Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983); Pardo v. Hosier, 946 F.2d 1278, 1283 (7th Cir.1991).
 
 
 3
 Stanton's due process argument, if valid, would mandate a hearing to consider whether the statement of facts in the conduct report was sufficient to hold a disciplinary hearing. We agree with the district court that such a result would be absurd. See Shango, 681 F.2d at 1101. Section 303.67(3)(b) is merely a procedural rule designed to protect the substantive right Stanton does enjoy: to be free from arbitrary disciplinary action by prison officials. Wolff v. McDonnell, 418 U.S. 539, 558 (1974). Although the regulation utilizes mandatory language, ordering the security director to strike charges not supported by the facts, it is directed toward the prison official and does not mandate a particular outcome if the regulation's substantive predicates are present. Kentucky Dep't of Corrections, 490 U.S. at 463; Kellas v. Lane, 923 F.2d 492, 495 (7th Cir.1990). For example, even if the security director struck the theft charge, he may still exercise his discretion in deciding whether to dismiss the entire conduct report, to conduct an investigation, or to prosecute Stanton on charges that accurately reflect the factual allegations stated in the conduct report. Wis.Admin.Code Sec. [DOC] 303.67(3). Although Stanton believes that the theft charge was unjustified and that Meier did not follow prison regulations, the alleged infraction of state law does not rise to the level of a due process violation. Because Stanton's due process claim based on Sec. 303.67(b)(3) has no arguable basis in law,[1] the district court's dismissal pursuant to Sec. 1915(d) is AFFIRMED.
 
 
 
 *
 After preliminary examination of the Plaintiff-Appellant's brief, the court notified the Plaintiff-Appellant that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that a "Statement as to Need of Oral Argument" could be filed. See Fed.R.App.P. 34(a); Cir.R. 34(f). The Plaintiff-Appellant filed such a statement, indicating his agreement with the court's conclusion. Accordingly, the appeal is submitted on the brief and the record
 
 
 [1]
 Nor does Stanton raise an arguable claim under the Fourteenth Amendment. The filing of false or improper charges violates the Due Process clause only if the protections required by Wolff are not provided. See Wolff, 418 U.S. at 563-67; Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir.1984); cf. Black v. Lane, 22 F.3d 1395, 1402 (7th Cir.1994) (issuing false and unjustified disciplinary charges may constitute a violation of substantive due process if the charges were in retaliation for the exercise of a constitutional right). Stanton does not contend that his disciplinary hearing was procedurally deficient. Indeed, both of the charges filed against him were dismissed