54 F.3d 779
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Randall P. EVANS, Petitioner-Appellant,
v.
C. A. TURNER, Respondent-Appellee.
 No. 93-2879.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 18, 1995.[1]
Decided May 18, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Randall Evans, an inmate in the federal prison at Marion, Illinois, raises due process challenges in this habeas action filed pursuant to 28 U.S.C. Sec. 2241 to a prison disciplinary proceeding following his attempted escape. The district court entered summary judgment for defendant.
 
 
 2
 In May 1989, prison officials charged Evans with Planning to Assault the Institution's Security, Planning an Escape, and Planning to Introduce Weapons, Explosives and Ammunition. An investigation revealed that Evans, two inmates and a civilian planned the escape. The plot was discovered by officials as a result of information received from three confidential sources. A hearing was conducted by a Discipline Hearing Officer (DHO), who found Evans guilty of all three offenses, and sanctioned Evans with forfeiture of all of his statutory good time, and 60 days' disciplinary segregation for each offense, to be served concurrently.
 
 
 3
 Under Wolff v. McDonnell, 418 U.S. 539, 563-72 (1974), an inmate in a prison disciplinary proceeding must have minimum due process which includes: 24 hours' advance written notice of the charges; a right to call witnesses and present documentary evidence, unless doing so would jeopardize institutional safety or correctional goals; the aid of a staff member or a fellow inmate, if the inmate is illiterate or the issues are complex; an impartial tribunal; and a written statement of the reasons upon which the tribunal relied. These due process rights were not violated in the present case.
 
 
 4
 Evans argues that the proper standard of review of the DHO's decision is "substantial evidence" because that is the standard set forth in the prison regulations, 28 C.F.R. Sec. 541.17(f). We find that the disciplinary decision in this case should be upheld under either standard. See McKinney v. Meese, 831 F.2d 728 (7th Cir. 1987). Moreover, the "substantial evidence" test is directed at the disciplinary hearing officer, while the "some evidence" standard, see Superintendent v. Hill, 472 U.S. 445, 455 (1985), is directed at the reviewing court. But see Henderson v. Carlson, 812 F.2d 874, 879 (3rd Cir. 1987).
 
 
 5
 Most of Evans' due process arguments concern the lack of information he received regarding the confidential informants, including information that the DHO found corroborated the informants' statements. In reviewing a challenge to the credibility of an informant's information supporting prison disciplinary action, we must balance due process rights against the need to protect confidential informants in the prison system. No due process rights results from subjecting a prisoner to disciplinary action without revealing to him the names of confidential informants if there is sufficient indicia of the informant's reliability. See, e.g., Rasheed-Bey v. Duckworth, 969 F.2d 357 (7th Cir. 1992); Wells v. Israel, 854 F.2d 995 (7th Cir. 1988). Due process requires that a determination be made as to the reliability of confidential information upon which a disciplinary committee relies. Wells, 854 F.2d at 998. Reliability may be established by the oath of the investigating officer as to the truth of his report containing confidential information and his appearance before the disciplinary committee; corroborating testimony; a statement on the record by the chairman of the disciplinary committee that, "he had first-hand knowledge of the sources of the information and considered them reliable on the basis of 'their past records of reliability," or (4) in camera review of material documenting the investigator's assessment of the credibility of the confidential informant. Mendoza v. Miller, 779 F.2d 1287, 1293 (7th Cir. 1985), cert. denied, 106 S. Ct. 2251 (1986). In the present case, the in camera materials were examined, and found to be reliable, since the informant's statements were detailed, and corroborated each other.
 
 
 6
 In the present case, the DHO report states that one confidential informant was the basis of the charge of planning to introduce weapons, explosives and ammunition into the prison. The DHO report also states that two independent confidential sources provided information that Evans was to be "an active armed participant in the escape attempt." The DHO expressly found that the confidential information corroborated by electronic surveillance of the inmate telephone system; independent statements from informants who did not know each other; and one informant who had previously given reliable and accurate information for over one year. We are satisfied with the reliability of the confidential sources.
 
 
 7
 Evans states that he knows that two informants were fellow inmates Pierce and Scutari, and that they cannot be classified as "cooperating witnesses" since they were charged with the same crime as Evans. Evans also claims that he knows an inmate named James Martin was the main informant, and that he was not reliable. Our comments about the reliability of the informants, whatever their identity, applies to these arguments as well.
 
 
 8
 Evans also argues that there are no risks in disclosing Martin's identity and statements because Martin is now dead. Martin died while attempting to escape from a prison in Arizona. Evans maintains that Martin's motive for lying to prison officials about Evans' purported plan to escape was "to gain himself [Martin] a transfer to a lower-level security prison so he could try to escape. We make no comment on whether or not the in camera materials show that Martin was an informant. We note generally, however, that the death of an informant does not necessarily mean his identify should be revealed. See, e.g., Kiraly v. FBI, 728 F.2d 273 (6th Cir. 1984) (under Freedom of Information Act, no automatic duty to disclose identification of confidential informant after his death since fear of retaliation against an informant's family survives the informant).
 
 
 9
 Evans argues that exculpatory evidence was withheld because he received only 10 or 11 of the 21 pages of certain materials reviewed in camera by the DHO and the district court. The entire 21-page file was given to the district court and reviewed in camera; we find no impropriety here. Evans also argues that the DHO relied on a false report made by Investigator Thomas. This argument fails, since Evans' due process rights were not violated here. See Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984).
 
 
 10
 Evans argues that it was a due process violation to refuse to give him information about two inmates who were charged with (but acquitted of) joining Evans in planning the attempted escape. Information on those charges, however, was not exculpatory and thus was properly withheld from Evans.
 
 
 11
 We also find unpersuasive Evans' argument that he was not given sufficient latitude in questioning Counselor Cox and Officer Geouge in his attempt to show that inmates at Leavenworth were charged with similar crimes and acquitted. These fact-specific crimes obviously bear little relation to each other, and Evans never established what, if any, relevance the other charges had to the charges against him. Evans raises several arguments about other questions that he proffered and the DHO rejected, and about related documentation he sought prior to the disciplinary hearing; we have carefully reviewed the record and similarly conclude that the questions were properly rejected and documentation was properly denied as being irrelevant.
 
 
 12
 Evans argues that the reviewing court must perform an in camera inspection of the investigatory file to determine whether exculpatory evidence was not given to petitioner. Untrue. See Wells v. Israel, 854 F.2d 995, 999 (7th Cir. 1988). Moreover, the evidence Evans seeks is non-evidence -- the absence of his name from electronic surveillance material and incident reports from other inmates charged with attempted escape. This is not exculpatory evidence. See Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir. 1992) (inmate not entitled to disclosure "because the information ... was not exculpatory").
 
 
 13
 Evans also argues that the charging instrument was not specific enough. The notice met the Wolff v. McDonnell requirements by providing information specific enough to permit Evans to adequately prepare a defense, including information about the escape plan, weapons to be smuggled into the prison, and the time and manner of the planned escape.
 
 
 14
 Finally, Evans offers a weak argument that a different inmate, Harrelson, was treated differently, though charged with the same crime. True, but the difference is not an equal protection violation; the difference is that Harrelson was acquitted, while Evans was found guilty.
 
 
 15
 We conclude that some evidence supported the disciplinary decision, and thus the district court properly granted summary judgment in favor of defendant. For the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). Upon consideration of the statement filed by the appellant, the record, and the briefs, the appeal is submitted on the record and the briefs