79 F.3d 1150
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ben JONES, Plaintiff-Appellant,
v.
William DOBIE, Officer Peterson and W.M. Lockhart,
Defendants-Appellees.
 No. 94-3524.
 United States Court of Appeals, Seventh Circuit.
 Argued June 14, 1995.
Decided March 12, 1996.
 
 Before COFFEY, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Ben Jones, an Illinois inmate, brought the present action under 42 U.S.C. § 1983 against three correctional officers. A disciplinary adjustment committee ("the Committee") found that Jones had violated a prison rule prohibiting possession of a controlled substance. Jones lost accrued good time of 360 days, was demoted to a stricter security class, and was recommended for prosecution to the local state's attorney. He alleged that the defendants violated his due process rights under the Fourteenth Amendment because the finding of a violation was not supported by "some evidence" as required by Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445 (1985). Jones argues that the defendants' testimony about the substance was unsubstantiated and, because the Committee did not have evidence of the packet's contents, the disciplinary action was based on "no evidence" constitutionally adequate to support the findings. The district court dismissed for failure to state a claim. Fed.R.Civ.P. 12(b)(6).
 
 
 2
 Jones' suit is not cognizable under § 1983. In Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994), the Supreme Court held that in order to recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence has been invalidated by the state or by a federal writ of habeas corpus. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. (emphasis in original). We have recently extended Heck to administrative rulings affecting the length of a prisoner's sentence. Miller v. Indiana Dept. of Corrections, No. 93-1621, slip op. at 2-3 (7th Cir. Feb. 5, 1996).
 
 
 3
 In this case, Jones' action calls into question the lawfulness of his confinement. He alleged that he was deprived of good-time credits without the support of "some evidence" in the record. At oral argument, counsel for Jones specifically disavowed any challenge to the constitutionality of the procedures. See Heck, at 2370 (stating that where, as in Wolff v. McDonnell, 418 U.S. 539 (1974), the damages claim is not for the deprivation of good-time credits but is for the deprivation of civil rights resulting from the use of allegedly unconstitutional procedures, the claim does not call into question the lawfulness of the plaintiff's confinement). Indeed, if Jones were claiming that the defendants fabricated the evidence, the district court's basis for dismissal would be correct, that Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir.1984), precludes this suit.
 
 
 4
 Jones challenges the validity of his confinement for the additional 360 days of lost good-time credit. A judgment in favor of Jones would necessarily imply the invalidity of his imprisonment. It follows that Jones has no cause of action under § 1983 until he first proves that the alleged deprivation has been invalidated by the state or by the grant of a writ of habeas corpus. Jones has not done so.
 
 
 5
 There is no evidence in the record that the state invalidated the disciplinary infraction or that Jones has exhausted his state remedies. "If a prisoner who should have asked for habeas corpus misconceives his remedy, brings a civil rights suit, and fails to exhaust his state remedies, his suit must be dismissed." Graham v. Broglin, 922 F.2d 379, 381-82 (7th Cir.1991).
 
 
 6
 Accordingly, we affirm the judgment of the district court but with the modification that the dismissal be without prejudice. See 28 U.S.C. § 2106.
 
 
 7
 MODIFIED AND AFFIRMED.