**Fares (Sumo) UMAR, Plaintiff,**

v.

**Salvador GODINEZ, et al., Defendants.**

No. 93 C 4639.

United States District Court,
N.D. Illinois, E.D.

Aug. 13, 1993.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Stateville Correctional Center ("Stateville") inmate Fares (Sumo) Umar ("Umar") has tendered a self-prepared Complaint, asking leave to proceed under 42 U.S.C. § 1983 ("Section 1983") without prepayment of the filing fee. Umar seeks declaratory relief and damages from the several defendants (Stateville personnel occupying several levels of responsibility) for allegedly fabricating charges against him in the course of a prison disciplinary proceeding.

■ Every prospective in forma pauperis litigant must overcome two threshold obstacles to obtain that status:

1. He or she must make the required showing of financial indigency.

2. His or her complaint must disclose the existence of at least one non-"frivolous" claim in the legal sense defined by *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) and most recently reconfirmed in *Denton v. Hernandez*, — U.S. —, —–—, 112 S.Ct. 1728, 1733–34, 118 L.Ed.2d 340 (1992).

Even though Umar readily passes the first of those obstacles—his in forma pauperis application reveals that he has a current balance of $20.18 in his prison trust account—he fails at the second hurdle, the articulation of a non-frivolous claim (in the *Neitzke–Denton* sense).

### Factual Background [1]

On August 24, 1992 Umar received a disciplinary report charging him with several violations of prison rules stemming from the alleged assault of another inmate. Although Umar characterizes that report as indicating that he was placed in temporary confinement pending investigation of the underlying incident, the report itself (attached as an exhibit to the Complaint) says just the opposite:

Note: Inmate Umar is not to be placed in temporary confinement.

After the investigation of the assault Umar received a second disciplinary report on November 25, 1992, which charged him with aiding and abetting several other inmates in

---

1. For present purposes this Court accepts Umar's allegations as true, coupling that acceptance with a liberal reading of those allegations in accordance with *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam).

the assault. That report does state that Umar had been placed in temporary confinement on August 25 pending the investigation, but was then released on September 25. Umar says that never happened (Complaint ¶ IV(8)).

In any event, on December 3, 1992 Umar appeared before the prison Adjustment Committee and was found guilty of all charges against him. That decision was based on several factors:

1. Umar admitted to living in the area where the assault took place.

2. Umar also admitted that he knew the inmate who was assaulted.

3. According to the internal investigation report, the assaulted inmate had positively identified Umar as having been involved in the assault.

4. Finally, a polygraph examination of the assaulted inmate revealed that he was truthful in identifying Umar.

*Umar's Claims and Their Resolution*

Umar claims defendants committed perjury during the course of the disciplinary proceedings, but he does not indicate which portions of the evidence against him were fabricated. If the alleged perjury is simply the erroneous statement in the November 25 disciplinary report that Umar had been temporarily confined pending investigation of the charges,[2] Umar has no cause to complain. Certainly defendants could not have violated Umar's constitutional rights by *declining* to place him in administrative detention pending investigation of the charges against him. In any event, a false statement on such a collateral matter cannot be used as a springboard for asserting that the evidence presented in the course of the proceedings was fabricated.

■ Even if Umar's amorphous claim of perjury refers to something more substantive than whether he was confined during investigation of the charges, he still has not articu-

lated an arguable constitutional claim. *Hanrahan v. Lane,* 747 F.2d 1137, 1140–41 (7th Cir.1984) (per curiam) teaches that where a prisoner receives the due process protections outlined in *Wolff v. McDonnell,* 418 U.S. 539, 563–67, 94 S.Ct. 2963, 2978–80, 41 L.Ed.2d 935 (1974), he does not state a claim against a correctional officer who may have manufactured false evidence against him. Nothing indicates that Umar did not receive all of the due process protections outlined in *Wolff.*

■ This Court's right to review the findings of a prison disciplinary committee is very limited in scope. To comply with due process the disciplinary committee need only have "some evidence" to support its determination of guilt, and "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence" (*Superintendent v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985); accord, *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir.1992)). Indeed, *Hill,* 472 U.S. at 455–56, 105 S.Ct. at 2773–74 (emphasis added) speaks of "*any* evidence in the record that could support the conclusion reached by the disciplinary board."

There is no question that at least "some evidence" supports the Adjustment Committee's finding against Umar. His own admissions place him in the area of the assault, and the polygraph results corroborated the positive identification of Umar as one of the assailants.[3] Because the Adjustment Committee's finding of guilt clearly has the requisite support, and because Umar does not claim that he was denied notice of the charges against him and an opportunity to present his side of the story to the Adjustment Committee, Umar's Complaint is "frivolous" in the *Neitzke–Denton* sense.

Accordingly this Court finds no arguable legal basis for the Complaint, and it denies Umar's motion for leave to file in forma

---

**2.** If that assertion is *not* part of Umar's claim, it becomes a total irrelevancy.

**3.** It is now settled in this Circuit that polygraph examinations are admissible in prison disciplinary proceedings (*Lenea v. Lane,* 882 F.2d 1171,

1174 (7th Cir.1989)) and that polygraph results may be used to corroborate vital testimony or other evidence (*id.; Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir.1989)).

pauperis (see *Neitzke* ). In accordance with the procedure prescribed by *Denton,* —— U.S. at ——, 112 S.Ct. at 1734, this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(d). In addition Umar is informed:

1. If he wishes to appeal this order of dismissal, within 30 days after the entry of judgment he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit (see Fed.R.App.P. 4(a)). That Notice of Appeal must be filed with the Clerk of the Court of the United States District Court, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604.

2. Although this Court of course expresses no substantive views on this subject, Umar should also be aware that if the Court of Appeals were to determine that such an appeal were "frivolous" in the legal sense, that could result in the imposition of sanctions by that Court (see Fed.R.App.P. 38).