**Jimmie Lee RILEY, Plaintiff,**

v.

**John Doe CHURCH, Defendant.**

Civ. A. No. 93–74240.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 16, 1994.

Christine M. Campbell, Michigan Dept. of Atty. Gen., Corrections Div., Lansing, MI, for John Doe Church.

Jimmie Lee Riley, pro se.

### ORDER REJECTING MAGISTRATE JUDGE SCHEER'S AUGUST 10, 1994 REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

The court, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1)(B), and LR 72.1(d)(2) (E.D.Mich. Jan. 1, 1992), has reviewed the magistrate judge's August 10, 1994 report and recommendation as well as defendant's November 28, 1994 objections and plaintiff's December 2, 1994 response filed thereto.[1] After conducting a *de novo* review, the court finds that it will reject the magistrate judge's report and recommendation and grant defendant's motion for summary judgment.

## I. Background

Plaintiff Jimmie Lee Riley is a prisoner in the custody of the Michigan Department of Corrections ("MDOC"). He is currently serving a sentence of life imprisonment for third degree criminal sexual conduct. Through his pro se complaint, plaintiff is seeking recovery of damages and injunctive relief from defendant pursuant to 42 U.S.C. § 1983 for violation of his rights under the First and Fourteenth Amendments. Defendant Daniel Church is a corrections officer for the MDOC who is being sued in his individual and official capacities.

On May 14, 1992, defendant searched plaintiff's jail cell and recovered a toothbrush with a razor blade attached to it. In addition, defendant found an ink pen which is prohibited contraband under prison regulations. Plaintiff contends that defendant planted the razor and the pen in his jail cell in retaliation for a grievance plaintiff filed against another prison guard.

As a result of the search, defendant brought misconduct charges against plaintiff. Pending resolution of the misconduct charges, plaintiff was transferred to administrative segregation. At the misconduct hearing on May 19, 1992, plaintiff admitted possession of the pen, but sought to demonstrate extenuating circumstances. Plaintiff denied possession of the razor blade. Following the hearing, the MDOC hearing officer found plaintiff guilty of the misconduct charge concerning possession of the ink pen, but not

---

1. After the magistrate judge issued his report and recommendation on August 10, 1994, defendant filed a motion for a court order directing service of pleadings and additional time to file objections. Defendant claimed that plaintiff never served him with a copy of the response to the summary judgment motion and the accompanying affidavits. Defendant contends that he never had an opportunity to file a reply brief because he only learned of the existence of the response after the magistrate judge referred to the affidavits submitted by plaintiff. On October 11, 1994, the court ordered plaintiff to serve defendant with the requested materials and gave the defendant additional time to file objections. On October 26, 1994, defendant filed a motion to dismiss for failure to comply with the court's order. Defendant eventually received a copy of plaintiff's response and the affidavits. Because of the delay caused by plaintiff, the court gave defendant additional time in which to file his objections.

guilty of the charge relating to the razor blade.

In his lawsuit, plaintiff claims that defendant violated his rights under the First and Fourteenth Amendments by retaliating against him because of a prior prison grievance. In February 1992, plaintiff filed a grievance against "Officer Appling," an MDOC prison guard, for violating prison regulations that allowed prisoners out of their assigned area during count time in order to pass out ballots for a block representative election. Plaintiff claims that the May 14, 1992 search was done by defendant in retaliation for the grievance against Officer Appling.

In response to plaintiff's complaint, defendant filed a motion to dismiss and/or for summary judgment. Defendant argues that plaintiff's retaliation claim is not supported by the facts. The court referred defendant's motion to a magistrate judge for consideration. The magistrate judge issued a report that recommended that the court deny defendant's motion because plaintiff had presented sufficient evidence to create a genuine issue of material fact. In particular, the magistrate judge cited affidavits that were submitted by inmates that indicated that defendant admitted to them that he had planted the contraband in plaintiff's cell.

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984) (citation omitted) (quoting Black's Law Dictionary 881 (6th ed. 1979)). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.,* 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg,* 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted). *See Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that

would be sufficient to require submission to the jury of the dispute over the fact. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block,* 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

### III. Analysis

■ A prisoner has no constitutionally protected immunity from being falsely accused of misconduct. *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir.1986), *cert. denied,* 485 U.S. 982, 108 S.Ct. 1273, 99 L.Ed.2d 484 (1988); *Hanrahan v. Lane,* 747 F.2d 1137, 1140–41 (7th Cir.1984). The prisoner only has a right to due process of law during the disciplinary proceedings against him concerning the allegedly false misconduct charges. Plaintiff does not claim that he was denied his due process rights as required under *Wolff v. McDonnell,* 418 U.S. 539, 563–67, 94 S.Ct. 2963, 2978–80, 41 L.Ed.2d 935 (1974) during the hearing.

■ In cases where a false misconduct charge is brought in retaliation against the exercise of constitutional rights, a prisoner may state a substantive due process claim. In order to establish this type of claim, the plaintiff must demonstrate that the defendant's actions involved an "egregious abuse of governmental power" that "shock[s] the conscience." *Cale v. Johnson,* 861 F.2d 943, 950 (6th Cir.1988). In this case, plaintiff claims that defendant brought false misconduct charges against him in retaliation for the filing of a grievance. A prisoner has a right to file a grievance under the First Amendment. *Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969).

■ Although it is clear that plaintiff's conduct in filing a grievance is constitutionally protected, it is not so clear that defendant's conduct was done in retaliation against this constitutionally protected activity. Thus, the court must determine if defendant had the requisite retaliatory intent when he made the allegedly false misconduct charges. Where defendant's alleged conduct itself does not state a constitutional violation absent a retaliatory intent, plaintiff must prove that the claimed retaliation was a "substantial and motivating factor" in defendant's conduct. *Mount Healthy City School Bd. of Educ. v. Doyle,* 429 U.S. 274, 283, 97 S.Ct. 568, 574, 50 L.Ed.2d 471 (1977). As previously discussed, the bringing of false misconduct charges in this case does not amount to a constitutional violation. As a result, under *Mount Healthy,* plaintiff must prove that retaliation against his right to file a grievance was a substantial and motivating factor in defendant's conduct.

The court finds that plaintiff has failed to carry his burden under the *Mount Healthy* test. He has failed to present any evidence in support of his claim that retaliation for the filing of a grievance was a substantial and motivating factor behind the allegedly false charges. There is no question, as the magistrate judge recognized, that plaintiff has presented sufficient evidence to create a genuine issue of material fact on the question of whether defendant planted evidence in plaintiff's jail cell to support false misconduct charges. Plaintiff has presented four affidavits from other prisoners that support his version of events. In their affidavits, plaintiff's fellow prisoners claim that defendant made statements to them that show that he planted the contraband in question. For example, in Tolbert's affidavit, defendant is quoted as saying that he should have concealed the razor in plaintiff's locker so that he would have been found guilty at the misconduct hearing.

What is lacking from plaintiff's presentation, however, is any evidence indicating that retaliation was a substantial and motivating factor in defendant's alleged conduct. Nowhere does plaintiff provide any evidence that shows that defendant was motivated to bring false charges against plaintiff because plaintiff filed a grievance against Officer Appling. In his complaint, plaintiff merely alleges that defendant acted out of retaliation. However, in response to defendant's summary judgment motion, plaintiff has presented no evidence in support of this allegation. In *Cale v. Johnson,* 861 F.2d 943, 950 (6th Cir.1988), the Sixth Circuit was able to find

an egregious abuse of governmental power where the prisoner-plaintiff produced deposition testimony showing that the defendant prison official had stated that he was instigating a false misconduct charge in order to get plaintiff locked-up so that his grievances would cease.

 In this case, no such evidence of retaliatory intent has been presented.[2] Plaintiff has merely alleged that retaliation must have been the motivation behind defendant's conduct. However, a mere allegation, unsupported by any evidence, is not sufficient to defeat a motion for summary judgment. Additionally, in his response to defendant's objections, plaintiff asserts that there must be a cause and effect relationship between the filing of the grievance and the misconduct charges because of the timing of events. The grievance was filed by plaintiff in February 1992 against Officer Appling. Defendant Church brought misconduct charges against plaintiff three months later. To derive a retaliatory intent from this sequence of events is to rely upon mere speculation and conjecture. On this basis, plaintiff has failed to raise a genuine issue of material fact. As a result, the court finds that plaintiff has failed to demonstrate that defendant's conduct was an egregious abuse of governmental power in violation of his right to substantive due process.

Pursuant to 28 U.S.C. § 1915(a), an appeal may not be taken *in forma pauperis* if the trial judge certifies in writing that it is not taken in good faith. After a thorough review of the record, the court does not hesitate in concluding that for the reasons discussed above an appeal, if taken, would not be in good faith. Thus, plaintiff's anticipated request to proceed on appeal *in forma pauperis* is **DENIED.**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the magistrate judge's Au-

gust 10, 1994 report and recommendation is **REJECTED.**

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment is **GRANTED.** Plaintiff's complaint is **DISMISSED** with prejudice.

**SO ORDERED.**

---

**2.** It appears that the magistrate judge's recommendation was based upon a finding that plaintiff's affidavits created a genuine issue of material fact. However, after a close examination of the four affidavits and plaintiff's other material, it is clear that plaintiff has failed to raise a genuine issue of material fact on the issue of retaliatory intent. There is no question that plaintiff has presented sufficient evidence to show that defendant may have planted evidence. In order to show a substantive due process violation in this case, however, plaintiff must bring forward evidence that retaliation against constitutionally protected conduct was a substantial and motivating factor behind defendant's conduct. His failure to do so is the basis of the court's decision to reject the magistrate judge's report and recommendation.