**Freddie RICHARDSON, Appellant**

v.

**Lydell SHERRER.**

**No. 09–1966.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 July 30, 2009.

Filed: Sept. 11, 2009.

---

Freddie Richardson, Kearny, NJ, pro se.

Thomas E. Kemble, Esq., Office of Attorney General of New Jersey, Trenton, NJ, for Lydell Sherrer.

Before: McKEE, FISHER and CHAGARES, Circuit Judges.

OPINION

PER CURIAM.

Freddie Richardson, an inmate at the Northern State Prison in Newark, New Jersey, appeals *pro se* from the District Court's dismissal of his complaint. Because we conclude that this appeal presents no substantial question, we will summarily affirm. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6

I.

Richardson filed an application to proceed *in forma pauperis* and a complaint against Lydell Sherrer, Peggy Brooks, S.C.O. Westry, S.C.O. Rayford, and Sergeant Nicolai, wherein he claimed that he was subjected to retaliatory discipline, searches, and harassment, and placed in unsanitary conditions of confinement.

Richardson alleges that, while he working on garbage disposal duty, Westry harassed him about what she believed to be his unauthorized "headwear." Westry wrote a disciplinary report, which was ultimately dismissed. After the dismissal, Richardson alleges, Rayford and Nicolai placed him in a cold, unsanitary barber shop and strip-searched him. They then searched his cell and claimed to have found a handcuff key. Richardson states that he was placed in segregated housing in a cell without running water[1] until approximately three weeks later when the charges were dismissed.

Richardson claims that Sherrer, the administrator of the prison, was aware of the other defendants' illegal actions, and failed to take any corrective action. He claims that Brooks, the remedy form coordinator, failed to respond to his numerous remedy forms, and disclosed information about the

---

1. Richardson also complains that another inmate broke a sprinkler that caused Richardson's cell to fill with water that lingered for two days as "further punishment."

remedy forms to the correctional officers who in turn harassed him. Richardson alleges that Westry initiated the harassment and retaliated against him by filing a false misconduct report, which resulted in Richardson's confinement in segregated housing. He also alleges that Rayford and Nicolai, who were both present when "the handcuff key was placed in [his] cell," retaliated against him after the disciplinary report was dismissed. He seeks compensatory and punitive damages, and injunctive relief requiring all handcuff keys to be registered and kept in a "specific data bank."

The District Court granted Richardson leave to proceed *in forma pauperis*, dismissed his Eighth Amendment verbal harassment and Fourteenth Amendment due process claims with prejudice, and allowed his First Amendment retaliation claim to proceed. In December 2008, the court granted Sherrer's and Brooks' motion to dismiss for failure to state a claim upon which relief could be granted.[2] In March 2009, the court granted the remaining defendants' motion to dismiss for failure to exhaust administrative remedies. The court also denied Richardson's request for appointment of counsel. Richardson timely appealed.

## II.

We exercise plenary review over the District Court's *sua sponte* dismissal of Richardson's Eighth and Fourteenth Amendment claims under sections 1915(e)(2)(B) and 1915A(b)(1), *see Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000), and over the orders granting the motions to dismiss, *see Santiago v. GMAC Mortg. Group, Inc.*, 417 F.3d 384, 386 (3d Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.

A. *The District Court's Sua Sponte Dismissal of 8th and 14th Amendment claims*

■ The District Court correctly concluded that Richardson's claim against Westry and Nicolai regarding their alleged verbal abuse of him was not viable under 42 U.S.C. § 1983. Richardson alleges only that Westry made "idle threats of verbal harassment," and that Nicolai threatened to "shut [him] up" if he was not quiet. Verbal harassment of a prisoner, without more, does not violate the Eighth Amendment. *See, e.g., McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir.2001); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir.2000).

■ The District Court considered Richardson's allegation that he was subjected to false discipline as a Fourteenth Amendment due process claim, and as part of his claim for retaliation, which we will address separately. The District Court concluded that filing false disciplinary charges does not itself violate a prisoner's constitutional rights, so long as procedural due process protections were provided. *See e.g., Freeman v. Rideout*, 808 F.2d 949, 952–53 (2d Cir.1986) (the filing of false charges does not constitute a claim under

---

**2.** The District Court did not reach the issue of whether Richardson had exhausted his ad-

ministrative remedies.

§ 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges); *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir.1984). Richardson does not allege that he was denied a hearing or an opportunity to present a defense. Therefore, to the extent Richardson asserts a due process violation, the District Court properly dismissed his claim.

B. *Motion to Dismiss—Sherrer and Brooks*

■ We agree with the District Court that Richardson failed to plead sufficient facts to demonstrate Sherrer's and Brooks' personal involvement in any alleged retaliatory acts against him. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.* Richardson's allegations against Sherrer—that Sherrer did not stop to talk to Richardson during rounds, and that Sherrer failed to look into Richardson's complaints—do not qualify as "personal direction" or "actual knowledge or acquiescence." As the District Court pointed out, Richardson does not explain what information he communicated to Sherrer, other than that he did not describe "the whole incident." Likewise, he does not allege any personal interaction with Brooks, nor does he provide any descriptions of the remedy forms he claims he submitted. Finally, Richardson's allegation that Brooks notified the other defendants that Richardson had filed remedy forms, which incited retaliatory actions, does not suffice to show the "personal involvement" by Brooks in the alleged retaliation.

C. *Motion to Dismiss/for Summary Judgment—Westry, Rayford, and Nicolai*

■ The remaining defendants filed a motion to dismiss, or, alternatively, for summary judgment, on the ground that Richardson had failed to exhaust his administrative remedies. Under the Prison Litigation Reform Act of 1995 ("PLRA") a prisoner, prior to seeking relief in federal court, must properly exhaust all available administrative remedies at the prison. *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). "[E]xhaustion is mandatory under the PLRA and ... unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In support of their motion, defendants attached the three administrative remedy forms and one inmate request form that Richardson had filed while at Northern State Prison, none of which relate to the allegations in his complaint. Richardson did not submit a brief in opposition to the defendants' motion, and he has not otherwise addressed the issue of exhaustion or provided evidence that he has complied with the prison's grievance procedure. Under the circumstances, we agree that Richardson failed to exhaust his available administrative remedies.

D. *Motion for Counsel*

■ Finally, we consider whether the District Court properly denied Richardson's motion for appointment of counsel. An indigent plaintiff seeking the appointment of counsel must present a claim having "some merit in fact and law." *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir.1993). Richardson's claims lack merit for the reasons already discussed. Additionally, through his *pro se* submissions, Richardson has demonstrated an ability to present his case. *Tabron*, 6 F.3d at 156. Accordingly, the District Court did not abuse its discretion in denying Richardson's motion.

IV.

For the foregoing reasons, we conclude that the appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's judgment. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.